# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTRAL BOAT RENTALS, INC.** | * | Civil Action No.: 14-694 |
| **VERSUS** | * | Section "L" |
| **EDWARD E. GILLEN COMPANY** | * | Magistrate "2" |

*****************************************

## CENTRAL BOAT RENTALS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Come now, Central Boat Rentals, Inc., Plaintiff, who submit this Brief in Support of its Motion for Summary Judgment as follows:

1. On or about March 9, 2012, Plaintiff filed suit against Defendant in the 16th Judicial District Court for the Parish of St. Mary, Case No. 124456.

2. To settle the state court claim, Plaintiff and Defendant entered into a Settlement Agreement on May 23, 2013 whereby the state court suit was settled, by order of the Honorable Judge Vincent Borne, for $750,000, with interest at the Louisiana legal rate from 3/18/13 until paid, and attorneys fees and costs in the event of enforcement. (See attached Exhibit A)

3. Defendant has failed to make any payment under the agreement.

4. The Defendant has acknowledged in its answer that they have not satisfied the agreement. (Dk #6)

10. The Complaint seeks judgment enforcing the agreement.

11. The Defendant is unable to provide any evidence or defense to the items listed above.

12. Thus, summary judgment in favor of Central Boat Rentals, Inc. is warranted as a matter of law.

13. Summary judgment is proper when the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995). To satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory

allegations." See *Lujan v Nat'l Wildlife Fed'n.,* 497 U.S. 871, 871-73, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994); *Donaghey v. Ocean Drilling & Exploration Co.,* 971 F.2d 646, 649 (5th Cir. 1992).

14. Here, Defendant cannot come forward with any evidence that Plaintiff is not due and owed the amounts in question.

Given the convincing evidence, and the absence of any contrary proof, a summary judgment should be entered that the defendant, Edward E. Gillen Company have breached their contract (i.e. settlement agreement) with plaintiff and that an order be issued for judgment in favor of Plaintiff and against Defendant for $750,000, with interest at the Louisiana legal rate from 3/18/13 until paid, and reasonable attorneys fees and costs in as a result of the enforcement of the agreement.

Respectfully submitted,

/S/ JILL S. WILLHOFT
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
JILL S. WILLHOFT (#28990)
CINDY G. MARTIN (#25159)
HARRIS & RUNTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone: (504) 525-7500
Attorneys for Central Boat Rentals, Inc.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via telefax or electronic means, including ECF, this 19th day of June, 2015.

/S/ JILL S. WILLHOFT
JILL S. WILLHOFT