UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTRAL BOAT RENTALS, INC.<br><br>VERSUS<br><br>EDWARD E. GILLEN COMPANY | CIVIL ACTION NO. 2:14-cv-00694-EEF-JCW<br><br>SECTION L<br>Judge Eldon E. Fallon<br><br>DIVISION 2<br>Magistrate Judge Joseph C. Wilkinson, Jr. |

<u>EDWARD E. GILLEN COMPANY'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF CENTRAL BOAT RENTALS, INC.</u>

MAY IT PLEASE THE COURT:

Plaintiff, Central Boat Rentals, Inc. ("CBR"), has filed a summary judgment seeking enforcement of a settlement agreement reached in a matter between the same parties to this suit that had been filed in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana. The state court issued a Consent Judgment based on that agreement in favor of CBR and against Gillen. CBR now seeks to enforce the agreement again and obtain a second judgment based on the same agreement previously enforced by the state court. The motion should therefore be denied on the ground of *res judicata*.

FACTS

CBR originally sued Gillen in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana ("16th JDC") seeking sums allegedly due as a result of services provided by CBR to Gillen for a public project in which Gillen was engaged in Illinois. The state court litigation resulted in a Confidential Settlement Agreement ("Agreement") whereby Gillen agreed to pay $750,000.00 plus interest at Louisiana's legal rate from March 18, 2013, until the full

settlement amount was paid. The 16th JDC issued a Consent Judgment based "on the grounds set out" in the Agreement. The judgment specifically held:

> IT IS ORDERED, ADJUDGED and DECREED that there be Judgment in favor of Central Boat Rentals, Inc. against Edward E. Gillen Company in the amount of $750,000.00 with interest at the Louisiana legal rate from 3/18/13 until paid, subject to terms of the Confidential Settlement Agreement entered into between the parties.

That Judgment was issued on May 31, 2013 and, as noted by CBR in its complaint in this action, was recorded with the St. Mary Parish clerk of court on that same date. [See CBR Complaint to Enforce Consent Judgment Against Edward E. Gillen Company and Exhibit B thereto, DN 1].

CBR then instituted this action by filing a "Complaint to enforce Consent Judgment against Edward E. Gillen Company" ("Complaint") (DN 1). The relief sought in the Complaint is "an Order enforcing the Consent Judgment." (DN 1, par. 9). Despite the very specific relief sought by CBR in its Complaint to enforce the Consent Judgment of the 16th JDC, CBR now has filed a Motion for Summary Judgment asking for a different remedy: the Enforcement of the Agreement and a judgment in its favor awarding $750,000.00, with interest at the legal rate from 3/18/13 until paid. This is precisely the relief sought and granted in the Consent Judgment issued by the 16th JDC. It is therefore precluded by *res judicata.*

## ARGUMENT

The Consent Judgment provided the precise relief sought herein: $750,000.00 with interest at the Louisiana legal rate. It was specifically based on and referenced the Agreement CBR now seeks to enforce. *Res Judicata* bars this additional enforcement.

A Federal Court must apply *res judicata* principles of the law of the state whose decision is presented to bar further litigation. Hernandez v. City of Lafayette, 699 F.2d. 734, 736 (5th Cir. 1983). Under Louisiana law, "a valid compromise may form the basis of an objection of *res judicata*." Garrison v. James Construction Group, LLC, ____ So. 3d ____ (La. App. 1 Cir. 2015), 2015 WL 2126809. Both a dismissal with prejudice and a settlement are "final" adjudications for the purposes of *res judicata*. Oliver v. Orleans Parish School Board, 156 So. 3d. 596, 612 (LA. 2014). The principles of *res judicata* under Louisiana law are codified in La. R.S. 13:4231. A subsequent cause of action is barred by the defense of *res judicata* when the plaintiff seeks the same relief, against the same party based on the same grounds as the prior litigation. *Id* at 611. Five prerequisites are generally considered in a *res judicata* analysis:

1. The Judgment is valid;
2. The Judgment is final;
3. The parties are the same;
4. The cause of action asserted in the second suit existed at the time of the final Judgment in the first litigation; and
5. The cause of action asserted in the second suit arose out of the transaction that was the subject matter of the first. *Id.*

Here, all criteria for the application of *res judicata* are met. The Consent Judgment is clearly valid and, as pointed out by CBR, was entered in the clerk's office where it remains. The Consent Judgment is also final in that it was never appealed or questioned by any party and has remained on file with the clerk of court since May 31, 2013. The parties to the prior litigation, and the Consent Judgment, and this litigation are precisely the same: plaintiff CBR and defendant Gillen. The causes of actions in this second suit existed at the time of the final

3

Judgment; specifically, enforcement of the Agreement, which is the very basis of the Consent Judgment and clearly the reason that CBR sought it from the 16th JDC. Finally, the cause of action asserted in the first suit and this suit arise out of the same transaction or occurrence that was the subject matter of the first litigation: initially claims for services rendered by plaintiff to defendant and then, upon settlement of those claims, the enforcement of the Agreement that was reduced to judgment based on those controversies.

It is curious that CBR has sought now to enforce the Agreement that is already the subject of a state court judgment but its Complaint seeks enforcement of that prior judgment. Perhaps CBR is seeking to avoid or otherwise bypass the appropriate process by which state court judgments are enforced in other jurisdictions by converting a state court judgment into a federal one through re-litigation of the issue previously made the subject of the state a state court judgment. See Generally W.S. Fruy Co. v. Precipitation Associates, 899 F.Supp. 1517, 1528 (W.D.Va. 1995); Atkinson v. Kestell, 954 F.Supp. 14, 15, n.2 (D.C.) (State court judgments cannot be registered in Federal court); Orne v. Shinn, 2002 WL 1729651 (D.N.H. 2002) (Federal district court lacks subject matter jurisdiction to enforce a judgment entered into state court); Littleton v. Moss, CV 02-3131 (E.D. La. 2003), (DN 16). Whatever may be CBR's motivation, the relief sought in this motion is precisely the same relief obtained in the 16th JDC by virtue of the Consent Judgment. CBR is not entitled to a second judgment relating to the enforcement of the Agreement.

## CONCLUSION

CBR has moved this court for a judgment that enforces an Agreement that has already been enforced by a valid state court judgment. The relief granted by the state court is precisely

the same as that sought here.  The parties are identical.  This relief is clearly barred by *res judicata* and therefore the motion of CBR must be denied.

RESPECTFULLY SUBMITTED this 25th day of August, 2015.

             THE MILLER LAW FIRM,
             PADUCAH – NEW ORLEANS, PLLC

             */s/ Kent B. Ryan*
             Kent B. Ryan (LA #18418)
             Stephanie D. Skinner (LA #21100)
             Allan C. Crane (LA #23700)
             365 Canal Street, Suite 860
             New Orleans, LA 70130
             Tele: (504) 684-5044
             Fax: (866) 578-2230
             Email: kryan@millerlaw-firm.com
                sskinner@millerlaw-firm.com
                acrane@millerlaw-firm.com

             and

             HALLOIN & MURDOCK, S.C.
             Charles David Schmidt (WI #1030914)
             839 North Jefferson Street, Suite 503
             Milwaukee, WI 53202
             Tele: (414) 732-2424
             Fax: (414) 732-2422
             Email: cschmidt@halloinmurdock.com

             Attorneys for defendant,
             Edward E. Gillen Company

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of August, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF.

             */s/ Kent B. Ryan*